IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ROBIN K. RALPH,

    Plaintiff,

v.                                                       CIVIL ACTION NO.: 2:10cv178

MICHAEL J. ASTRUE,
    Commissioner of Social Security

    Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the decision of the Administrative Law Judge is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Hayley Giezey, brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") under the Social Security Act. By order filed July 6, 2010, this action was referred to United States Magistrate Judge F. Bradford Stillman ("Magistrate Judge") to conduct hearings and submit

1

proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On April 15, 2011, Magistrate Judge Stillman filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be affirmed. On April 28, 2011, Plaintiff filed objections to the Report. On May 6, 2011, Defendant filed a Response to Plaintiff's Objections.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination," as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff has asserted four objections to the R&R. First, Plaintiff objects to the finding that the Administrative Law Judge's ("ALJ's") determination that she is not suffering from severe impairments is supported by substantial evidence. Plaintiff asserts that her treatment records combined with her complaints about fatigue constitute a *de minimus* showing that Plaintiff suffered from severe impairments. In further support of this objection, Plaintiff asserts that the Magistrate Judge's reliance upon non-examining state agency doctors (i.e., Drs. Ramsey and Quinlan) in making its determination constitutes clear error in light of 20 C.F.R. §§404.1513(a) and 416.913(a). A review of 20 C.F.R. §§404.1513(a) and 416.913(a) indicates that licensed physicians are acceptable medical sources for evidence of impairment. A review of the record provides no evidence indicating that both Drs. Ramsey and Quinlan are not licensed physicians. Furthermore, a review of the record indicates that Drs. Ramsey and Quinlan are state agency physicians (as supported by Plaintiff's own description of them as "two state agency doctors") rather than single decision makers. Consequently, the ALJ properly considered Drs. Ramsey and Quinlan's opinions in making its determination.

Furthermore, there was substantial evidence to support the ALJ's determination that Plaintiff did not suffer from severe impairments. In making its finding, the ALJ identified Plaintiff's medically determinable impairments and engaged in a thorough consideration of her symptoms including, *inter alia*: results from a September 19, 2005 cardiac catheterization by Dr. Bernstein producing no evidence of obstructive coronary disease; results from a September 19, 2005 cardiac catheterization by Dr. Parker revealing that left ventricular function was normal and there was no evidence of renal artery stenosis; a January 24, 2007 service report from Dr. Davis indicating that Plaintiff has no signs of any acute or chronic disease; physical examination findings from March 10, 2006 revealing that there was no tenderness of the cervical and thoracic spines despite being diagnosed with scoliosis of the thoracic spine; and statements from the Plaintiff indicating that she can manage all personal care tasks and does not rely on an assistive device for walking. R. 22-24. The ALJ also cited evidence indicating that Plaintiff was receiving insulin to control her diabetes and experienced decrease blood pressure levels when treated with medication by her primary care physician. In light of this evidence, as cited by the ALJ in its determination, the Court finds that the ALJ's determination that Plaintiff did not suffer from severe impairments was supported by substantial evidence.

Second, Plaintiff objects to the finding that the ALJ properly developed the record under the standard set out by the United States Court of Appeals for the Fourth Circuit. Plaintiff asserts that the ALJ had a duty to assume a more active role in helping her develop the record as a *pro se* Plaintiff, and that the case should be remanded because the ALJ's failure to fulfill this duty caused her to be unfairly prejudiced. *See Marsh v. Harris*, 632 F.2d 296, (4th Cir. 1980) (granting remand where plaintiff was illiterate and "completely unschooled on the requirements

of proving his case," the ALJ breached a promise to obtain further evidence from the treating physician, and where there was a showing of unfairness, prejudice or insurmountable legal hurdles for a layman); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980) (granting remand where nearly all of plaintiff's testimony was "directionless and incoherent" and where the record showed that the ALJ was "unfamiliar with claimant's former job duties and medical ailments"). This Court's review of the record indicates that the ALJ first confirmed Plaintiff received information indicating that she could be represented at the hearing by a lawyer and providing additional information on resources such as the Legal Aid Society. R. 3. This Court's review of the record also indicates that the ALJ explained the nature of the hearing, the existence of the electronic file and the standard for a finding of disability under the Social Security Act. R. 3-4. After explaining this information, the ALJ then showed a familiarity with Plaintiff's ailments (including her complaints of constant sickness, pain, and fatigue) and past work. R. 5-6. Plaintiff was responsive to the ALJ's summarizations and asked clarifying questions when she did not understand certain medical terminology. After this exchange, the ALJ asked for any additional information that was not in the records he reviewed to which Plaintiff responded, "you covered it." R. 7. In light of this review of the record, the Court finds that the ALJ fulfilled his duty to be more active in helping the Plaintiff develop the record. Given the Court's finding that the ALJ fulfilled his duty to develop the record, remand is not warranted in this case as there has been no breach of duty and no unfairness or prejudice to the Plaintiff.

    Third, Plaintiff objects to the finding that remand was not warranted based on the new evidence submitted to the Appeals Council. "A Plaintiff seeking remand on the basis of new evidence under 42 U.S.C.A. 405(g) must show that the evidence is new and material." *Wilkins v.*

*Sec'y of Health and Human Serv.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991). While Plaintiff may have presented new evidence to the Appeals Council, such evidence would only have warranted remand if there was a reasonable probability that the new evidence would have changed the outcome. *Id.* at 96 (defining the term "material evidence" in this context). In the Social Security Administration decision, the ALJ found not that Plaintiff suffered from no ailments, but rather that she did not have "an impairment, or combination of impairments, that [had] significantly limited (or [were] expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" and thus did not have a severe impairment or combination thereof. R. 21. In order to warrant a remand, there must have been a reasonable probability that such evidence would have changed this finding. Upon review of the record, this Court finds that it does not. Plaintiff presented additional medical documentation regarding her diagnoses of Hepatitis C, Cirrhosis, Hepatitis C, Anemia and Abnormal Kidney Function. The reports describe the various conditions and often outline recommendations for vaccinations, continued monitoring and additional screening. *See e.g.*, R. 260, 271-72.[2] While these reports provide additional detail regarding Plaintiff's heath condition as of November 18, 2008 (and later),[3] there is no information to suggest that the ALJ's findings would have been different. None of the

---

[2] In Plaintiff's objection, she specifically references Dr. Newby's report for a showing of the long term effects of untreated hypertension and diabetes. However, this Court's review of the report indicates that Dr. Newby's statements were not specific to Plaintiff. Rather he mentioned the long term effects within the context of encouraging Plaintiff to return to the office for a referral so that she could be properly treated and avoid such long term effects. R. 259.

[3] As the Magistrate Judge properly notes, this new information seems to relate to a time frame after that being considered by the ALJ. The record indicates that Plaintiff's alleged date of disability (as stated on her application) was September 11, 2005 (R. 53), and that the ALJ conducted a hearing regarding her claim for SSI on January 17, 2008 (R. 1).

medical professionals indicate that Plaintiff would be unable to perform basic work-related activities for 12 consecutive months. Therefore, the Court concludes that the ALJ's finding is supported by substantial evidence even after considering the new information provided to the Appeals Council.

Fourth, Plaintiff objects to the finding that the ALJ properly evaluated her credibility in her testimony before the ALJ. More specifically, Plaintiff alleges that the ALJ improperly evaluated the factors and evidence required in determining Plaintiff's credibility. "Once an underlying physical or [m]ental impairment that could reasonably be expected to cause [a symptom] is shown by medically acceptable objective evidence . . . the adjudicator must evaluate the disabling effects of a disability claimant's [symptom], even though its intensity or severity is shown only by subjective evidence. *Hines v. Barnhart*, 453 F. 3d 559, 564 (4th Cir. 2006)." To fulfill this standard, adjudicators often rely on the testimony and statements of the claimants as evidence of the severity and intensity of their symptoms. In doing so, adjudicators often assess the credibility of the individual's statements. This Court must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict[] other findings of fact, or [are] based on inadequate reason or no reason at all." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)). In this case, the ALJ outlined all of the evidence it considered in assessing the credibility of Plaintiff's statements. R. 21-22. The ALJ cited Plaintiff's testimony about generalized pain impacting her ability of work as well as her ability to perform daily care-taking tasks. The ALJ balanced this information against evidence in the record indicating that she suffered from various conditions but did not have any end organ damage as a result of her conditions. In light of these

facts, the Court finds that substantial evidence supports the ALJ's credibility determination, and thus, Plaintiff's objection fails on this ground.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed April 15, 2011. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 18, 2011